# THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE COMMISSIONERS OF PUBLIC CHARITIES AND CORRECTIONS, Respondents, v. GEORGE H. BARTHOLF, Appellant.

*Marriage — what evidence is sufficient to establish one — A wife is a competent witness in proceedings to compel her husband to support her.*

In proceedings to compel a husband to provide for the support of his wife, whom he had threatened to abandon, the woman testified that she had been married to him for eight years; that during that time he had lived with her, introduced her to his relatives and acquaintances, and recognized her as his wife. Upon cross-examination she testified she was not married by any person, but that the defendant had always acknowledged her as his wife, and that they had always lived together as husband and wife.

*Held*, that the evidence was sufficient to establish a marriage in fact.

*Held*, further, that the wife was competent witness to prove the fact of marriage.

CERTIORARI to the Court of Special Sessions of the county of New York, to review its decision compelling the relator to provide for the support of his wife.

*A. H. Purdy,* for the appellant.

*William A. Boyd,* for the relators.

DANIELS, J.:

The defendant was arrested upon a complaint made against him as a disorderly person, in support of which it was stated that he threatened to abandon, and had abandoned, his wife without adequate support, leaving her in danger of becoming a burden upon the public. Upon a hearing before the justice, and on the appeal taken to the Special Sessions, it was determined that the complaint had been sustained by the evidence, and an order was made requiring the defendant to pay the sum of four dollars weekly for the support of the complainant. This order is resisted as unauthorized for the sole reason that the evidence did not show that the complainant was in fact the defendant's wife. That was a circumstance to be established in support of the proceedings before such an order could be made against him. It appeared in the examination of the complainant that she never had been formally married to him, but in her sworn complaint she stated it as a fact that she had been married to him for eight years, and it appeared that he had during that time lived with her and introduced her to his relatives and acquaintances, and recognized her as his wife. She was asked upon her cross-examination by whom she was married, and she answered that she was not married by any one, but that the defendant had always acknowledged her as his wife, and that they had always lived together as husband and wife. No evidence was given controverting the truth of these statements, and they must be assumed to have been correctly made, as that was done in the proceedings before the justice.

The point presented, therefore, is whether assuming that to be the case, a marriage between the complainant and the defendant was established. As the law has for many years existed in this State, it is not necessary that any formal, or official ceremony shall be

performed to constitute a marriage. Marriage, on the contrary, is regarded simply as a civil contract which may be entered into by competent parties in the same manner as any other agreement may be made.

It does not appear from the evidence which was given that these two persons formally treated with each other upon the subject and consented in words to become husband and wife, but that they did so in substance may be inferred from the statement made by her that she was married to him, and that she had lived with him and been acknowledged, introduced and treated as his wife. This evidence warrants the conclusion that they had lived together from the beginning upon the understanding that their relations should be, and were, that of husband and wife, and though that was not plainly expressed in words, the effect must be the same, because it was indicated to have been the intention of the parties. It is not necessary to consider the point which has been urged, that in these proceedings a marriage in fact must be shown, for the reason that the evidence directly tends to prove that these parties did, by their own acts, establish their relations to be that of husband and wife. That was a marriage in fact under the authorities as they exist in this State upon this subject. (*Cheney* v. *Arnold*, 15 N. Y., 345; *Hayes* v. *People*, 25 id., 390; *Bissell* v. *Bissell*, 55 Barb., 325; *O'Gara* v. *Eisenlohr*, 38 N. Y., 296; *Clayton* v. *Wardell*, 4 Comst., 230.) And the complainant was a competent witness to prove that the fact was as she alleged it to be. (*Van Tuyl* v. *Van Tuyl*, 57 Barb., 235.)

And in effect she has also been made so by the statute providing for these proceedings. As this objection cannot be sustained, and no other has been urged against the regularity of the determination made, it follows that the order should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed.